*415 Order, Supreme Court, Bronx County (Denis J. Boyle, J.), entered on or about January 29, 2009, which enlarged the conditions of defendant’s sentence of probation to permit searches of his home, concomitant with home visits by the Department of Probation (DOP), affirmed.
Defendant pleaded guilty to one count of criminal possession of a weapon in the third degree. Pursuant to the plea agreement, he was sentenced on June 5, 2008 to six months in jail and five years’ probation. Approximately three months after sentence was imposed, DOP applied to the court for an enlargement of the conditions of defendant’s probation pursuant to CPL 410.20. By the application, which defendant opposed through counsel, DOP sought permission to search defendant’s home during his probationary term.
In considering the application, the court weighed the following factors: (a) defendant’s violation of the conditions of a probationary sentence imposed on a prior conviction, resulting in the revocation of probation and the imposition of a jail sentence; (b) defendant’s possession of a firearm during a confrontation with another man as the backdrop of the instant prosecution; (c) defendant’s report to DOP of “psychological problems” for which he had been medicated three years prior to sentencing; and (d) the presence of a young child in defendant’s household. The court granted the application to the extent of enlarging the conditions of defendant’s probation so as to permit DOP to conduct sporadic, nondestructive, “knock-and-announce” searches of defendant’s home at reasonable hours when defendant is at home. The court found the enlarged conditions to be consistent with the rehabilitative ends of probation and the safety of defendant’s household. Upon consideration of the nature and purpose of probation, as set forth in the relevant statutory framework discussed below, we hold that a sentencing court is not precluded from imposing search conditions in a sentence of probation without a defendant’s consent. Accordingly, the court properly enlarged the conditions of defendant’s probation.
Defendant does not challenge the court’s factual findings. He argues instead that absent a probationer’s consent, his or her *416 place of residence may only be searched by court order issued pursuant to CPL 410.50 (3). This statute provides for the issuance of an order for the search of the person, residence or real property of a probationer “[i]f at any time during the period of probation the court has reasonable cause to believe that the defendant has violated a condition of the sentence.” We find this argument unavailing. The intention of the Legislature is first to be gleaned from a literal reading of the act, and may also be ascertained from all of the statutes relating to the same general subject matter, i.e., probation in this case (see McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [b]). In this regard, we note that CPL 410.50 (3) does not purport to be the only vehicle for a probation officer’s search of a probationer’s person, residence or real property.
The purpose of probation is “to insure that the defendant will lead a law-abiding life or to assist him to do so” (see Penal Law § 65.10 [1]). To this end, a probationer is required to satisfy, where applicable, 14 specific conditions enumerated by section 65.10 as well as “any other conditions reasonably related to his rehabilitation” (§ 65.10 [2] [Z]). In addition, a sentencing court may “require that the defendant comply with any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant” (§ 65.10 [5]). The policy reason for giving a court this supervisory discretion is that a state’s probation system, like a school, government office or prison, presents “special needs” beyond normal law enforcement that may justify departures from the usual probable-cause and warrant requirements (Griffin v Wisconsin, 483 US 868, 873-874 [1987]). In this state, courts exercise their supervisory authority over probationers pursuant to CPL 410.50 (1), which provides that “[a] person who is under a sentence of probation is in the legal custody of the court that imposed it pending expiration or termination of the period of the sentence.”
CPL 410.20 gives a court the power to modify or enlarge the conditions of a sentence of probation. The statute does not require an evidentiary hearing or a finding of a violation of previously imposed conditions as a prerequisite to enlarging the conditions imposed at the time of sentence; all that is required is a personal appearance by the defendant to assure that the defendant has properly been made aware of the additional requirement or restriction (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 410.20). Article 65 of the Penal Law and article 410 of the CPL are statutes in pari materia insofar as they both address the subject of probation. *417 As such, they must be construed together as though forming part of the same statute (see McKinney’s Cons Laws of NY, Book 1, Statutes § 221 [b]). Therefore, as a matter of statutory interpretation, the conditions of a sentence of probation may be enlarged pursuant to CPL 410.20, in keeping with the rehabilitative purposes of Penal Law § 65.10.
In Griffin, the Supreme Court upheld the warrantless search of a probationer’s home because it was conducted pursuant to an administrative provision that satisfied the Fourth Amendment’s reasonableness requirement (483 US at 873). To be sure, the Griffin majority held that the search of Griffin’s residence was “reasonable” within the meaning of the Fourth Amendment because it was conducted pursuant to a valid regulation governing probationers. This conclusion makes it unnecessary to consider whether, as the court below held and the State urges, any search of a probationer’s home by a probation officer is lawful when there are “reasonable grounds” to believe contraband is present (id. at 880). In this case, the court’s authorization of searches of defendant’s residence meets the reasonableness test articulated by the Griffin court in light of (a) the rehabilitative purpose of probation, (b) the statutory scheme created by the Penal Law and the CPL, and (c) the factors considered by the court in enlarging the conditions of defendant’s probation.
People v Hale (93 NY2d 454 [1999]) and People v Jackson (46 NY2d 171 [1978]) also warrant discussion. In Hale, the Court held that the search order provision of CPL 410.50 (3) did not preempt the lawfulness of the search of the residence of a probationer who consented to such searches at the time of his plea (93 NY2d at 463). In Jackson, the Court reversed an order denying the suppression of the fruits of a summary vehicle search by a probation officer conducted without the probationer’s consent or a court-ordered search condition of probation.
Finally, while the Hale court did not decide whether a sentencing court may unilaterally impose search conditions in a sentence of probation, it did cite with approval cases in which search conditions were imposed (e.g. United States v Germosen, 139 F3d 120 [2d Cir 1998], cert denied 525 US 1083 [1999] [defendant convicted of conspiracy to commit wire fraud sentenced to supervised release subjecting him to searches of his person and property, limited to those searches that probation department finds necessary to secure information about defendant’s finances]; United States v Schoenrock, 868 F2d 289 [8th Cir 1989] [sentence for defendant who pleaded guilty to conspiracy to distribute cocaine imposed special conditions of probation for three years, including that he submit to chemical testing at *418 request of probation officer and submit to search and seizure of premises, vehicle or person, day or night, with or without warrant, at request of probation officer, to determine presence of alcoholic beverages or controlled substances]; People v Bravo, 43 Cal 3d 600, 738 P2d 336 [1987], cert denied 485 US 904 [1988] [defendant convicted of possessing concentrated cannabis sentenced to probation with condition that he agree to submit his person and property to search and seizure at any time, by any law enforcement officer with or without a warrant]), agreeing with this line of authority “insofar as the court-ordered provision and consent were circumscribed to specified types of searches by probation officers acting within the scope of their supervisory duty and in the context of the probationary goal of rehabilitation” (93 NY2d at 460). As in those cases, the trial court’s search condition here is “tailored to suit the probationer” (id. at 461) and circumscribed to meet the goals of probation with respect to this particular individual. Concur— Saxe, J.P, DeGrasse, Abdus-Salaam, JJ.
Catterson and Moskowitz, JJ., dissent in a memorandum by Moskowitz, J., as follows: I agree with the majority that the issue in this case is one that the Court of Appeals left open in People v Hale (93 NY2d 454, 460 n 4 [1999]), “whether, when and to what extent a sentencing court may unilaterally impose search conditions in a sentence of probation.” However, I cannot agree that any legal precedent authorizes warrantless searches under the facts of this case. Therefore, I dissent.
On May 20, 2008, defendant pleaded guilty to criminal possession of á weapon in the third degree, agreeing to a sentence of six months’ imprisonment and five years’ probation. On June 5, the court imposed the promised sentence that did not include any provision for warrantless searches during probation.* On October 20, 2008, DOP orally applied for an enlargement of the conditions of defendant’s probation to allow it to conduct warrantless searches of defendant’s home. There is no dispute that defendant was in compliance with his probation. However, DOP believed that because of defendant’s criminal history, he was likely to possess a gun while on probation. According to DOE] *419 defendant’s criminal history included the crime at issue, namely, possessing a gun and intending to use it, as well as prior events, including auto stripping in the third degree for which he was sentenced to three years probation, that was subsequently revoked for a violation.
Defendant opposed the motion to enlarge his probation conditions to include warrantless searches without “reasonable cause.”
The sentencing court enlarged the conditions of defendant’s probation, purportedly pursuant to CPL 410.20, to permit searches of defendant’s home by probation officers concomitant with home visits and subject to certain conditions. The court reasoned that CPL 410.50 (3), requiring “reasonable cause” as a condition to judicial approval of a home search, serves a distinct function from CPL 410.20, that .permits modification of probation conditions.
The court did, however, impose limitations on the search. DOP could only conduct its search “when the defendant is at home and at a reasonable hour,” searches were to be sporadic rather than at every home visit, DOP was not allowed to damage anything in the home and the probation officer was required to knock and announce his presence before entering on any occasion when that officer was to conduct a home search. Finally, the court limited searches to locations where a firearm could be placed or secreted.
On appeal, defendant contends that the sentencing court exceeded its statutory authority when it granted DOP’s request to enlarge the conditions of his probation to include warrantless searches of his home for firearms during DOP home visits. I agree.
A person on probation, although legally in custody and subject to supervision, is nonetheless constitutionally entitled to protection against unreasonable searches and seizures, although perhaps not to the same extent as persons whose activities are not subject to this scrutiny (People v Jackson, 46 NY2d 171, 174 [1978] [where defendant had not previously demonstrated that he was an “unreliable probation risk,” search of defendant’s locker and car required a search order]).
The court here did not require at sentencing that defendant consent to routine home searches as a condition of probation that would have brought this case within the ambit of People v Hale (93 NY2d 454 [1999]). Nor was there statutory authority for the court’s decision to enlarge the conditions of probation to include home searches. CPL 410.20, upon which the sentencing court relied, addresses modifications or enlargements to condi *420 tions of probation. It authorizes the court to enlarge the conditions of probation so long as the defendant is personally present.
However, home searches are not simply a condition of probation. A home search implicates the Fourth Amendment to the Constitution of the United States that protects the rights of citizens against unreasonable searches and seizures. A probationer “loses some privacy expectations and some part of the protections of the Fourth Amendment, but not all of both” (Hale, 93 NY2d at 459). When thus imposed as a condition of probation, a home search must receive “special scrutiny” (United States v Consuelo-Gonzalez, 521 F2d 259, 265 [9th Cir 1975]).
CPL 410.20 simply does not address whether a probationer can be subject to home searches when there is no basis for the search, much less without a warrant. Therefore, the sentencing court should not have relied upon this section to justify its decision to enlarge the conditions of probation to allow warrantless home searches without reasonable cause.
Although CPL 410.20 is silent on the issue of home searches, a different section of the CPL does address them. Section 410.50 (3) of the CPL authorizes a judicial search order of a probationer upon “reasonable cause to believe that the defendant has violated a condition of the sentence.” Subdivision (4) delineates circumstances where a warrant is not required, but reasonable cause still is: “When a probation officer has reasonable cause to believe that a person under his supervision pursuant to a sentence of probation has violated a condition of the sentence, such officer may, without a warrant, take the probationer into custody and search his person.” Accordingly, the only time a probation officer can search a supervised person without a warrant is when that officer has reasonable cause to believe there has been a probation violation, and even then, the search is limited to the probationer’s person. If a probationer were legally subject to a warrantless search of his home without reasonable cause, there would be no need for subdivisions (3) and (4) in CPL 410.50.
The People recognize that CPL 410.20 is silent on the propriety of home searches, but extrapolate that “any enlargement of conditions is governed solely by Penal Law § 65.10, that enumerates the permissible conditions of probation.” This is a non sequitur. Just because Penal Law § 65.10 allows for enlargement of the conditions of probation to advance public safety or aid in the prevention of a similar crime does not mean it authorizes a search where there is not even a suspicion of a violation. Nor does the language from CPL 410.20, stating that *421 the conditions of probation may be enlarged “at any time,” mean that a court, subsequent to sentencing, can impose a condition to allow for home searches without reasonable cause.
Simply, there is no statutory authority for the court’s expansion of the conditions of defendant’s probation to include warrantless searches in this case. The majority’s reliance upon Griffin v Wisconsin (483 US 868 [1987]) is curious. At least in Griffin, the regulation at issue permitted a search as long as there were reasonable grounds to believe the presence of contraband and there was information from a police officer that there might have been guns in the defendant’s apartment. The majority’s analysis represents an end run around the holding in People v Jackson (46 NY2d 171 [1978]), that emphasizes the imperative of applying for search orders based upon a probable violation of probation. The Court of Appeals’ citation to Jackson in its more recent decision in Hale demonstrates that it did not intend to circumscribe the necessity of reasonable cause. Hale goes no further than to create an advance exception on consent to the statutory requirement of a search order. Here, there was no consent as there was in Hale, no statute authorizing warrantless home searches without reasonable cause and absolutely nothing to suggest that defendant had violated the conditions of his parole. Under these circumstances, the majority’s decision has eviscerated whatever limited Fourth Amendment rights defendant retained.

 According to the sentencing court, it had not ordered a pre-pleading investigation and thus the Department of Probation (DOP) did not submit a probation report prior to defendant’s plea. Consequently, the court did not consider including warrantless searches of defendant’s home as a condition of probation at the time of sentence. DOP mentioned a “Pre-Sentence Investigation Report” that “strongly recommended incarceration for this defendant, who committed a serious offense by possessing, with intent to use, a gun loaded with six bullets,” but the report is not included in the record on appeal.